Randy Paul VEITENHEIMER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A–17252.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1972.

Stephen Jones, Enid, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

·BUSSEY, Presiding Judge:

Appellant, Randy Paul Veitenheimer, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Seminole County, Oklahoma, for the offense of Furnishing Marijuana; his punishment was fixed at an indeterminate term of not less than two (2) nor more than five (5) years imprisonment and a Three Hundred Dollar ($300.00) fine, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the ultimate conclusion reached, we do not deem it necessary to give a detailed statement of facts. Defendant was charged by information with furnishing one hundred plastic bags of marijuana to one John Mark Daugherty. At the trial, Mark Daugherty testified that on December 24, 1970, he and Jimmy Graves met the defendant at the golf course. He testified that upon arrival, the defendant gave him a blue bag which he in turn gave to Jimmy Graves. The defendant had a cardboard box containing marijuana and LSD which he wanted him [Daugherty] to keep for him. He and the defendant went out north of town and hid it behind a rock. He testified that the following day he and Graves picked up the box and were subsequently stopped by a Highway Patrolman. He testified that he and Graves were in the business of selling marijuana in Seminole County and had been furnished marijuana by the defendant before. He testified that the marijuana he received from the defendant "wasn't supposed to be ours" and that he received it "only to keep it." (Tr. 31) He testified that they did not pay the defendant any money on this occasion.

Jimmy Graves' testimony did not differ substantially from that of the witness Daugherty. In response to a question of whether or not they were going to sell the marijuana, he answered, "Not this particular bunch. He wasn't going to sell it, we was going to keep it for him." (Tr. 51)

We are of the opinion that the State did not prove the essential elements of "furnishing marijuana." 37 C.J.S. Furnish, p. 1409 defines "furnish" as follows:

"A broad and indefinite word, vague in its signification, which may vary with the connection in which it is found, and must be determined in accordance with its context or subject matter. The word carries with it the idea of ownership, property in, or dominion over the thing furnished by the one who furnishes, or, at least, authority to use it for the needed purpose; implies some degree of active effort to accomplish the designated end, something more than a passive willingness to respond to a demand; and has been held to include or refer to any method of transferring possession."

Although there is evidence in the record that the defendant did in fact furnish marijuana to John Daugherty on past occasions, it was not the intent of the defendant or Daugherty that the marijuana which the defendant and Daugherty hid in the country was to be "furnished" to Daugherty to be used as he saw fit. Both Daugherty and Graves testified that they were simply going to keep it for him and that they were not going to sell it. The evidence establishes that a bailment was established between the defendant and Daugherty rather than that the defendant "furnished" marijuana to Daugherty.

The judgment and sentence is accordingly reversed and remanded with the suggestion that the District Attorney consider filing charges against the defendant for possession of marijuana, which was established by the evidence. Reversed and remanded.

BRETT and SIMMS, JJ., concur.